UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
OCALA DIVISION

JUSTINE GUILLEN,

    Plaintiff,

-vs-                                            CASE NO.:

EQUIFAX INFORMATION SERVICES LLC, EXPERIAN INFORMATION SOLUTIONS, INC., TRANS UNION LLC, and HYUNDAI CAPITAL AMERICA, INC.,

    Defendants.

_____/

**COMPLAINT AND DEMAND FOR JURY TRIAL**

    Plaintiff, Justine Guillen (hereinafter "Plaintiff"), sues Defendants, Equifax Information Services LLC, Experian Information Solutions, Inc., Trans Union LLC, and Hyundai Capital America, Inc., and in support thereof respectfully alleges violations of the Fair Credit Reporting Act ("FCRA"), 15 U.S.C. § 1681 *et seq.* and the Florida Consumer Collection Practices Act ("FCCPA"), Fla. Stat. § 559.55 *et seq.*

**PRELIMINARY STATEMENT**

1.    The Consumer Financial Protection Bureau has noted, "experience indicates that [Credit Reporting Agencies] lack incentives and under-invest in accuracy"

1

Consumer Fin. Prot. Bureau, Supervisory Highlights Consumer Reporting Special Edition 21 (Issue 14, March 2, 2017).

## JURISDICTION

2. Jurisdiction for this Court is conferred by 28 U.S.C. § 1331, as this action involves violations of the FCRA.

3. Venue is proper for this Court pursuant to 28 U.S.C. § 1391(b)(2), as this is the judicial district in which a substantial part of the events or omissions giving rise to the claims occurred.

4. Venue is proper in this District as Plaintiff is a natural person and a resident of Ocala, Florida; the violations described in this Complaint occurred in this District; and the Defendants transact business within this district.

5. Plaintiff is a "consumer" as defined by the FCRA and FCCPA.

6. Equifax Information Services LLC ("Equifax") is a corporation with its principal place of business located in Atlanta, GA that conducts business in the State of Florida.

7. Equifax is a "consumer reporting agency" as defined in 15 USC § 1681(f). Equifax is regularly engaged in the business of assembling, evaluating, and

disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

8. Equifax disburses such consumer reports to third parties under contract for monetary compensation.

9. Experian Information Solutions, Inc. ("Experian") is a corporation with its principal place of business in Costa Mesa, CA that conducts business in the State of Florida.

10. Experian is a "consumer reporting agency," as defined in 15 USC § 1681(f). Experian is regularly engaged in the business of assembling, evaluating, and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

11. Experian disburses such consumer reports to third parties under contract for monetary compensation.

12. Trans Union LLC ("TransUnion") is a corporation with its principal place of business in Chicago, IL that conducts business in the State of Florida.

13. TransUnion is a "consumer reporting agency," as defined in 15 USC § 1681(f). TransUnion is regularly engaged in the business of assembling, evaluating,

and disbursing information concerning consumers for the purpose of furnishing consumer reports, as defined in 15 U.S.C. § 1681(d) to third parties.

14. TransUnion disburses such consumer reports to third parties under contract for monetary compensation.

15. Hyundai Capital America, Inc. ("Hyundai") is a corporation based in the State of California that conducts business in the State of Florida.

17. Hyundai is a debt collector as defined by the FCCPA as well as a furnisher as defined under the FCRA.

18. The alleged debt in question is a consumer debt as defined by the FCCPA.

## FACTUAL ALLEGATIONS

18. Equifax, Experian, and TransUnion are the "big three" credit reporting agencies in the United States today.

19. In mid-2021 Plaintiff's mother unexpectedly passed away.

20. Plaintiff's mother owned a vehicle that was financed through Hyundai.

21. Approximately one month after her mother passed, Plaintiff's mother's auto loan through Hyundai began appearing on Plaintiff's credit reports as a debt Plaintiff owed.

22.     Plaintiff was not on the loan for the vehicle/debt in question; nor was she a signatory on the account or contract.

23.     During this same time period, Plaintiff was attempting to purchase a vehicle of her own.

24.     Over the course of several months Plaintiff was repeatedly denied a vehicle loan because of the derogatory Hyundai account now appearing on her personal credit reports.

25.     Plaintiff did not owe any debt to Hyundai at any point in time, and the information associated with the Hyundai account was in no way related to Plaintiff.

26.     Upon information and belief, this is an example of a mixed credit file whereby Hyundai somehow merged the information of Plaintiff and her mother and began furnishing that information to credit reporting agencies such as Equifax, Experian, and TransUnion.

27.     Further, it appears that Equifax, Experian, and TransUnion somehow merged the information of Plaintiff and her mother and began reporting false information about the Hyundai account on Plaintiff's credit reports.

28.     Due to the actions/inactions of the Defendants, Plaintiff was denied credit.

29. Due to the actions/inactions of the Defendants, Plaintiff suffered from emotional distress, including but not limited to the constant reminder of her mother's untimely passing.

30. Due to the actions/inactions of the Defendants, Plaintiff's credit scores dropped.

31. Due to the actions/inactions of the Defendants, Plaintiff was unable to obtain reliable transportation.

## CAUSES OF ACTION

### COUNT I
### Violations of the Fair Credit Reporting Act as to Equifax

32. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

33. Equifax violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

34. As a result of this conduct, action and inaction of Equifax, the Plaintiff suffered a drop in credit scores, loss of her personal time, emotional distress, and the damages outlined in this complaint.

35. Equifax's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

36. Plaintiff is entitled to recover costs and attorney's fees from Equifax in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Equifax, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT II
**Violations of the Fair Credit Reporting Act as to Experian**

37. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

38. Experian violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

39. As a result of this conduct, action and inaction of Experian, Plaintiff suffered a loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

40. Experian's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

41. Plaintiff is entitled to recover costs and attorney's fees from Experian in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, Experian, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

## COUNT III
### Violations of the Fair Credit Reporting Act as to TransUnion

42. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

43.     TransUnion violated 15 U.S.C. § 1681e(b) by failing to establish or to follow reasonable procedures to assure maximum possible accuracy in the preparation of the credit report and credit files it published and maintains concerning the Plaintiff.

44.     As a result of this conduct, action and inaction of TransUnion, Plaintiff suffered a financial loss, loss of her personal time, emotional distress, and the damages otherwise outlined in this complaint.

45.     TransUnion's conduct, action, and inaction was willful, rendering it liable for punitive damages in an amount to be determined by the Court pursuant to 15 USC § 1681n. In the alternative, it was negligent, entitling the Plaintiff to recover under 15 USC § 1681o.

46.     Plaintiff is entitled to recover costs and attorney's fees from TransUnion in an amount to be determined by the Court pursuant to 15 U.S.C. § 1681n and/or § 1681o.

**WHEREFORE**, Plaintiff respectfully demands a trial by jury on all issues so triable and judgment against Defendant, TransUnion, for statutory damages, punitive damages, actual damages, costs, interest, attorney fees, enjoinder from further violations of these parts and any other such relief the Court may deem just and proper.

### COUNT IV
### Violations of the FCCPA as to Hyundai

47. Plaintiff re-alleges and incorporates paragraphs 1 through 31 above as if fully set forth herein.

48. Hyundai furnished inaccurate representations to credit reporting agencies and through those credit reporting agencies to all of Plaintiff's potential lenders.

49. Hyundai violated subsection (5) of the FCCPA by disclosing to a person other than the debtor or her family information affecting the debtor's reputation, whether or not for credit worthiness, with knowledge or reason to know that the other person does not have a legitimate business need for the information or that the information is false.

50. Hyundai did not have any reasonable basis to believe that Plaintiff was responsible for the account reported in its representations. It also had substantial evidence by which to have verified that Plaintiff was not the responsible party, including information provided to Hyundai by the Plaintiff. Instead, it knowingly chose to follow procedures which did not review, confirm or verify who the responsible party was for the debt in question. Further, even if it would attempt to plead ignorance, it had the evidence and information with which to confirm and recognize that Plaintiff was not the liable party.

51. As a result of the conduct, action and inaction of Hyundai, Plaintiff suffered damage by loss of the ability to purchase and benefit from credit, financial loss,

mental and emotional pain stemming from the anguish, humiliation, and embarrassment of a diminished credit score, and the damages otherwise outlined herein, including but not limited to denials of credit and the constant reminder of the loss of her mother.

52. Plaintiff is entitled to recover statutory, compensatory, actual, and punitive damages from Hyundai pursuant to the FCCPA.

53. Plaintiff is entitled to recover reasonable attorney's fees and costs from Hyundai in an amount to be determined by the Court pursuant to Florida law.

**WHEREFORE,** Plaintiff respectfully requests that this Court award statutory, actual, and punitive damages against Hyundai to Plaintiff; award Plaintiff her reasonable attorney's fees and the costs of this action pursuant to Florida law; and grant all such additional relief as the Court deems appropriate.

Respectfully Submitted,

*/s/ Frank H. Kerney, III, Esq.*
Frank H. Kerney, III, Esq.
Florida Bar No.: 88672
The Consumer Lawyers PLLC
3210 West Cypress St.
Tampa, Florida 33607
Telephone: 844.855.9000
Facsimile: 844.951.3933
Frank@TheConsumerLawyers.com
Jason@TheConsumerLawyers.com
*Counsel for Plaintiff*